## EAGLE TOWNSHIP v. PHILLIPPI.

[No. 11,317.  Filed April 27, 1922.]

TOWNS.— *Township Trustees.— Office Expenses.— Liability of Township—Statutes.—Construction*—Section 4 of the act of 1917 (Acts 1917 p. 602, §9589g *et seq.* Burns' Supp. 1921), providing that the township advisory board shall annually appropriate the amount of the estimate of the township trustee for the "actual expense of the trustee incurred while engaged in the discharge of his official duties, but that the amount so appropriated shall not exceed $150," refers to personal expenses of the trustee while engaged in discharge of his duties, but does not include money expended for stationery, records, coal and other items, the title to which passes to the township, as the act of 1915 (Acts 1915 p. 131), which expressly provided for an allowance for the latter class of expenses incurred in transacting the business of the office the amount of which was determined by the population, was repealed by implication by the act of 1917, *supra;* hence, a township cannot recover from a trustee the amount of money received by him in excess of the $150 allowed by law for trustee's expenses, which amount was expended for stationery, postage, etc., such expenses being the expenses of the township.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Action by the Attorney-General in the name of Eagle Township of Boone county against Jesse F. Phillippi. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*U. S. Lesh,* Attorney-General, and *Dale F. Stansbury,* for appellant.

*Ira M. Sharp,* for appellee.

NICHOLS, J.—Action by attorney-general, under the provisions of the public accounting laws, in the name of appellant to recover from appellee $106.57 and interest, alleged to have been received by him while township trustee of appellant township in excess of the amount allowed by law for his expenses while engaged in the discharge of his official duties.

It is averred in the complaint in substance that ap-

pellant is, and was during the year 1920, a township of the eighth class under the provisions of an act of the general assembly of the State of Indiana, entitled "An act concerning township officers, fixing and regulating their compensation, prescribing their duties, abolishing the office of township road supervisor, providing when this act shall take effect and to repeal laws in conflict therewith," approved March 8, 1917, Acts 1917 p. 602. On November 5, 1918, appellee was duly elected trustee of said township, and served as such during the whole of the years 1919 and 1920. From January 1, 1920, to December 26, 1920, inclusive, appellee, as trustee aforesaid, paid out of the township fund of said township for stationery, including blanks of divers forms, for records, fuel, postage, and stamped envelopes, an amount aggregating $130.88, and that on December 30 of said year he wrongfully and unlawfully paid to himself out of said township funds $10.05 for office supplies, similar to the aforesaid and $79.44 for traveling expenses. The total amount which appellee, as such trustee, wrongfully and unlawfully paid out was $106.57; that no part of said sums has been repaid to appellant, and all of said sum is due and owing to appellant from appellee, with interest thereon. That in addition to the above amount, appellee as such trustee, paid out of said township fund during the said year $720 as and for his salary as said trustee, and $90 for the rent of an office in which to transact his business as said trustee, being the full amounts allowed by law for salary and office rent.

Appellee's demurrer to the complaint was sustained and alleged error in this ruling of the court, presents the only question for our consideration.

The sole question is the meaning of the phrase of that part of §4 of the act of 1917 (Acts 1917 p. 602, §9589g *et seq.* Burns' Supp. 1921), concerning township business, which provides that: "In all townships of the

State the township advisory board shall annually appropriate the amount of the estimate of the township trustee for the actual expense of the trustee incurred while engaged in the discharge of his official duties, * * * *Provided,* That the amount so appropriated and allowed for expenses shall not exceed * * * in townships of the eighth class one hundred fifty dollars ($150)." Appellant contends that the expression includes such items as stationery, postage, telephone rent and tolls, light, fuel, etc., (i.e. all the items set out in the complaint), as well as traveling expenses, and that the aggregate of all said expenses cannot exceed $150. Appellee's contention is that it includes only traveling and "personal" expenses and does not include expenses necessarily incurred for office supplies, records, stationery, light, fuel, etc.

Candor requires that we should say that the question presented for our determination is not one easy of solution. If, however, we fail in our interpretation to express the legislative intent, it can by more explicit expression define its meaning.

It was provided by Acts 1915 p. 131, that an allowance the amount of which was determined by the population for actual expenses in transacting the business of the office, including stationery, printing and records, might be expended. This provision of the act of 1915, was repealed by implication by the act of 1917, in which act instead of repeating the language of the proviso of the act of 1915, the legislature provides that the "Advisory Board shall annually appropriate the amount of the estimate of the township trustee for the *actual expenses of the trustee incurred while engaged in the discharge of his official duties.*" (Our italics.)

We are unable to understand why, if the legislature intended to include the same expenses in the expression in the act of 1917 that it did in the act of 1915 and

thereby to include such class of expenses as stationery, printing and records, it did not use the same language in expressing itself. It will be observed that the items of expense which are enumerated in appellant's complaint except the traveling expense are not items of personal expense of the trustee while engaged in the discharge of his duties but are rather expenditures for the township, and that the purchases there mentioned became the property of the township. The items of stationery and records became necessarily a part of the permanent public files of the township. Appellant says that the word expenses standing alone and considered broadly would include all money expended by the trustee, but that the "expenses of the trustee" would not include money expended upon schools, roads, etc., for that would be expenses of the township and not of the trustee. We concede the force of this argument but we are unable to see that it does not apply with equal force to money expended upon stationery, records, coal and such items the title to which passed to the township. These items along with the supplies necessary for the conduct of the schools and the maintenance and improvement of the highways are indispensable for the transaction of the township business, and as such we hold that they are expenses of the township and not of the trustee. Actual expenses incurred while engaged in the discharge of his duties must include such expenses as are personal to himself as traveling expenses or in lieu thereof, telegram and telephone tolls. The sum of these items, enumerated in the complaint and which we hold to be township expenses and not the actual expense of the trustee, is more than $106.57, which appellant seeks to recover from appellee, in this action. With this interpretation of the statute the complaint does not state a cause of action.

The judgment is affirmed.